1

2          **IN THE UNITED STATES DISTRICT COURT FOR THE**

3          **EASTERN DISTRICT OF CALIFORNIA**

4

5

6

7    STEVEN RAY EDWARDS,              )          1:13-cv-01013 GSA PC
                                       )
8                      Plaintiff,      )          ORDER REQUIRING PLAINTIFF TO
                                       )          FILE AMENDED COMPLAINT OR
9           v.                         )          NOTIFY COURT OF WILLINGESS TO
                                       )          PROCEED ONLY ON CLAIMS
10                                     )          FOUND TO BE COGNIZABLE
                                       )
11   A. DESFOSSE, et al.,              )
                                       )          RESPONSE DUE IN THIRTY DAYS
12                     Defendants.     )
                                       )
13   _____   )

14

15   **I.       Screening Requirement**

16          Plaintiff  is a state prisoner proceeding pro se and in forma pauperis in this civil rights

17   action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction

18   pursuant to 28 U.S.C. § 636(c).[1]

19          The Court is required to screen complaints brought by prisoners seeking relief against a

20   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

21   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

22   legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

23   that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

24   § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

25   paid, the court shall dismiss the case at any time if the court determines that . . . the action or

26

27   _____

28   [1]  Plaintiff filed a consent to proceed before a magistrate judge on July 15, 2013 (ECF No. 5).

1

1 | appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §

2 | 1915(e)(2)(B)(ii).

3 | **II.**     **Plaintiff's Claims**

4 |      **A.**     **Summary of Complaint**

5 |      Plaintiff, an inmate in the custody of the California Department of Corrections and

6 | Rehabilitation (CDCR) at the Correctional Training Facility at Soledad, brings this civil rights

7 | action against correctional officials employed by the CDCR at Pleasant Valley State Prison,

8 | where the events at issue occurred.  Plaintiff names the following individual defendants:

9 | Correctional Officer A. Desfosse; C/O E. Saldivar; C/O S. Zaccagnini; Sergeant T. Verbeek;

10 | Captain A. Walker; Lt. M. Wilson; Associate Warden M. Davis; John Does 1 and 2.  Plaintiff

11 | claims that he was subjected to excessive force in violation of the Eighth Amendment.

12 |      Plaintiff alleges that on July 17, 2012, he was housed on A Yard at Pleasant Valley.  On

13 | that date, he was taken from the dayroom to the program office by Defendant Desfosse and

14 | placed in a holding cage.  Plaintiff asked Desfosse if his handcuffs could be removed in order to

15 | be decontaminated.[2]  Plaintiff's request was denied, and Desfosse walked away.  Plaintiff was

16 | examined by a nurse.  After the nurse left, Defendant Saldivar told Plaintiff to turn around and

17 | face the back of the cage.   Plaintiff complied, "believing he was about to be handcuff free" so he

18 | could be decontaminated.  Plaintiff alleges that Saldivar kicked him in the back, knocking him to

19 | the back of the cage.  Saldivar punched Plaintiff in the back of the head, "causing the Plaintiff

20 | face to be slammed to the back of the cage."  Saldivar, at the direction of Zaccagnini, kicked

21 | Plaintiff in the testicles.  Zaccagnini then kicked Plaintiff in the testicles three times.

22 |

23 |      Saldivar, along with an unnamed officer, grabbed Plaintiff's feet and dragged him out of

24 | the cage, "causing the Plaintiff to rake his face against the cage landing down to the floor."  As

25 | Plaintiff tried to sit up, Desfosse kicked Plaintiff above his left eye then kicked Plaintiff in the

26 | buttocks.  Plaintiff again tried to stand up and Saldivar "stomped the Plaintiff's right thigh to

27 | _____

28 | [2] Plaintiff does not indicate when he was pepper sprayed, or the circumstances surrounding his being pepper sprayed.

prevent him from getting up." The unnamed officer lifted Plaintiff off the floor. The unnamed officer "then along with Desfosse slammed Plaintiff into a grey rack used to store cleaning supplies."

While Saldivar was placing Plaintiff back into the cage, Zaccagnini told Saldivar "I got this," and pushed Plaintiff face first into the back of the cage, then started punching Plaintiff in the ribs. Plaintiff was left in the cage, and started yelling for the Sergeant and Lieutenant. Plaintiff spoke to Sgt. Verbeek, and requested medical attention "and need to get this spray out of my eyes cause I have glaucoma." Verbeek told Plaintiff "we will deal with that later." Plaintiff alleges that after "about an hour and a half" of yelling, Sgt. Verbeek came to the cage and allowed Plaintiff out of the cage to wash the pepper spray out of his face to prepare for a video interview.[3] Plaintiff was eventually transferred to Administrative Segregation.

### B.    Eighth Amendment Claims

#### 1.    Excessive Force

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5, 112 Sc.D. 995 (1992) (citations omitted). For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Although de minims uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident. Id. at 9-10; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minims uses of force, not de minims injuries)).

Plaintiff's allegations describing the incident of physical force on July 17, 2012, are sufficient to give rise to a claim for relief against Defendants Desfosse, Saldivar and Zaccagnini or use of excessive physical force.

---

[3] Plaintiff refers to an assault upon a correctional officer, and comments by defendants that "you will never f** with another officer again after that."

1

### 2.    Delay in Decontamination

2

The Eighth Amendment protects prisoners from inhumane methods of punishment and

3

from inhumane conditions of confinement.  Morgan v. Jorgensen, 465 F.3d 1041, 1045 (9th Cir.

4

2006).  Extreme deprivations are required to make out a conditions of confinement claim, and

5

only those deprivations denying the minimal civilized measure of life's necessities are

6

sufficiently grave to form the basis of an Eighth Amendment violation.  Hudson, 503 U.S. at 9

7

(citations and quotations omitted).  In order to state a claim for violation of the Eighth

8

Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials

9

knew of and disregarded a substantial risk of serious harm to the plaintiff.  E.g., Farmer v.

10

Brennan, 511 U.S. 825,847, 114 Sc.D. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th

11

Cir. 1998).

12

Plaintiff's allegation that Sgt. Verbeek intentionally refused to decontaminate Plaintiff for

13

an hour and a half is sufficient to state a claim under the Eighth Amendment.

14

### C.    Supervisory Defendants

15

Regarding Defendants Walker, Wilson and Davis, government officials may not be held

16

liable for the actions of their subordinates under a theory of respondent superior.  Ashcroft v.

17

Iqbal , 556 U.S. 662, 673 (2009).  Since a government official cannot be held liable under a

18

theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has

19

violated the Constitution through his own individual actions.  Id. at 673.  In other words, to state

20

a claim for relief under section 1983, Plaintiff must link each named defendant with some

21

affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.  Plaintiff

22

fails to allege any facts suggesting personal involvement by Captain Walker, Lt. Wilson or

23

Associate Warden Davis.  They should therefore be dismissed.

24

### D.    Doe Defendants

25

While Plaintiff does allege facts stating a claim for excessive force against "unknown

26

officer," the Court cannot order service upon unidentified defendants.  Plaintiff must name the

27

individual defendant, describe where that defendant is employed and in what capacity, and

28

explain how that defendant acted under color of state law.  Plaintiff should state clearly, in his or

4

1   her own words, what happened.  Plaintiff must describe what each defendant, *by name*, did to

2   violate the particular right described by Plaintiff.   Plaintiff has failed to do so here.

3   **III.     Conclusion and Order**

4          Plaintiff's complaint states claims under the Eighth Amendment against Defendants

5   Desfosse, Saldivar and Zaccagnini for use of excessive physical force,  and against Defendant

6   Verbeek for failure to decontaminate Plaintiff.  The complaint does not state any other

7   cognizable claims.  The Court will provide Plaintiff with the opportunity to file an amended

8   complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d

9   1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new,

10  unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)

11  (no "buckshot" complaints).

12         If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding

13  only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in

14  writing, and the Court will issue a recommendation for dismissal of the other claims and

15  defendants, and will forward to Plaintiff four summonses and four USM-285 form for

16  completion and return.  Upon receipt of the forms, the Court will direct the United States

17  Marshal to initiate service of process.

18         If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a),

19  but must state what each named defendant did that led to the deprivation of Plaintiff's

20  constitutional or other federal rights, Hydric, 500 F.3d at 987-88.  Although accepted as true, the

21  "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . .

22  ."  Bell Atlantic Corp. v. Tomboy, 550 U.S. 544, 554  (2007) (citations omitted).

23         Finally, Plaintiff is advised that an amended complaint supersedes the original complaint,

24  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Aliyah, 814 F.2d 565,

25  567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded

26  pleading," Local Rule 15-220.  Plaintiff is warned that "[a]all causes of action alleged in an

27  original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d

28

1  at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u>

2  <u>Forsyth</u>, 114 F.3d at 1474.

3       Based on the foregoing, it is HEREBY ORDERED that:

4      1.    The Clerk's Office shall send to Plaintiff a civil rights complaint form;

5      2.    Within **thirty (30) days** from the date of service of this order, Plaintiff must

6          either:

7          a.    File an amended complaint curing the deficiencies identified by the Court

8              in this order, or

9          b.    Notify the Court in writing that he does not wish to file an amended

10             complaint and wishes to proceed only against Defendants  Desfosse,

11             Saldivar and Zaccagnini for use of excessive physical force,  and against

12             Defendant Verbeek for failure to decontaminate Plaintiff; and

13     3.    If Plaintiff fails to comply with this order, this action will be dismissed for failure

14         to obey a court order.

24  IT IS SO ORDERED.

25     Dated:   **February 26, 2014**           **/s/ Gary S. Austin**

26                                   UNITED STATES MAGISTRATE JUDGE