# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN R. EDWARDS,<br><br>    Plaintiff,<br><br>    v.<br><br>A. DESFOSSES, et al.,<br><br>    Defendants. | Case No. 1:13-cv-01013-SAB-PC<br><br>ORDER GRANTING PLAINTIFF LEAVE TO FILE A SUPPLEMENTAL MOTION FOR THE ATTENDANCE OF INCARCERATED WITNESSES<br><br>SUPPLEMENTAL MOTION DUE JANUARY 25, 2016 |

    Plaintiff Edwards is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter is set for trial on March 29, 2016. Pending before the Court is Plaintiff's Motion for the Attendance of Incarcerated Witnesses filed on December 14, 2015. On December 22, 2015, Defendants filed opposition to the motion. (ECF NO. 48.)

    This action proceeds against Defendants Desfosses, Saldivar and Zaccagnini for use of excessive force in violation of the Eighth Amendment, and against Defendant Verbeek for failure to decontaminate Plaintiff in violation of the Eighth Amendment. Plaintiff alleges that on July 17, 2012, he was housed on A Yard at Pleasant Valley State Prison. On that date, he was taken from the dayroom to the program office by Defendant Desfosses and placed in a holding cage. Plaintiff asked Desfosses if his handcuffs could be removed in order to be decontaminated.[1] Plaintiff's request was denied, and Desfosses walked away. Plaintiff was examined by a nurse. After the nurse left, Defendant Saldivar told Plaintiff to turn around and face the back of the

---

[1] Plaintiff does not allege when he was pepper sprayed, or the circumstances surrounding his being pepper sprayed.

1

1  cage. Plaintiff complied, "believing he was about to be handcuff free" so he could be
2  decontaminated. Plaintiff alleges that Saldivar kicked him in the back, knocking him to the back
3  of the cage. Saldivar punched Plaintiff in the back of the head, "causing the Plaintiff face to be
4  slammed to the back of the cage." Saldivar, at the direction of Zaccagnini, kicked Plaintiff in the
5  testicles. Zaccagnini then kicked Plaintiff in the testicles three times.

6  Saldivar, along with an unnamed officer, grabbed Plaintiff's feet and dragged him out of
7  the cage, "causing the Plaintiff to rake his face against the cage landing down to the floor." As
8  Plaintiff tried to sit up, Desfosses kicked Plaintiff above his left eye, then kicked Plaintiff in the
9  buttocks. Plaintiff again tried to stand up and Saldivar "stomped the Plaintiff's right thigh to
10 prevent him from getting up." The unnamed officer lifted Plaintiff off the floor. The unnamed
11 officer "then along with Desfosses slammed Plaintiff into a grey rack used to store cleaning
12 supplies."

13 Plaintiff seeks the attendance of four inmate witnesses, two that will testify voluntarily
14 and two that Plaintiff indicates may refuse to testify voluntarily. In the November 12, 2015, trial
15 scheduling order (ECF No. 45), the Court provided the requirements for the attendance of
16 incarcerated witnesses who will testify voluntarily and incarcerated witnesses who refuse to
17 testify voluntarily. Regarding Plaintiff's motion for the attendance of inmate witnesses who are
18 willing to testify, Plaintiff was directed to support his motion with declarations showing that
19 each witness is willing to testify and that each witness has actual knowledge of relevant facts.
20 The motion can be supported either by the declaration of Plaintiff or of the inmate witness. The
21 declaration must establish that the prospective witness was an eyewitness or an ear-witness to the
22 relevant facts. The declaration must be specific about the incident, when and where it occurred,
23 who was present, and how the prospective witness happened to be in a position to see or to hear
24 what occurred at the time it occurred.

25 Plaintiff supports his motion with his own declaration. Plaintiff declares that four
26 inmates were present in the program office on the date of the incident, July 17, 2012. (Edwards
27 Decl. 2:2-3.) The inmates were present in the office because they were assigned to work there as
28 inmate clerks. Plaintiff declares that, because of their presence in the office, they were able to

observe the event at issue. Plaintiff declares that as to inmate Holden and inmate Hunter, he was able to speak to them and they indicated a willingness to testify.

Defendants oppose the motion as to inmates Holden and Hunter on the ground that Plaintiff has not shown a present willingness to testify. Defendants note that Plaintiff's last contact with inmates Holden and Hunter was three years ago. Because Plaintiff has not shown a present willingness to testify, they should not be allowed to testify. Defendants also argue that Plaintiff has not complied with the requirement that his declaration identify "how the prospective witness happened to be in the position to see or hear what occurred at the time it occurred." (ECF No. 45 at 6:20-22.)

Defendants indicate that California's online Inmate Locator shows that inmate Holden is housed at California Institute for Men in Chino, Inmate Hunter is housed at the Sierra Conservation Center in Jamestown, inmate Gomez is housed at California State Prison Centinela and inmate Barnes is housed at California State Prison Lancaster. Defendants argue that the uncertainty of whether these individuals would be willing or able to provide relevant testimony, the inconvenience and expense of transporting four inmate witnesses, and the security risks associated with their safekeeping, outweigh any potential benefit of the witness' testimony. See Wiggins v. Alameda County, 717 F.2d 466, 468 at n. 1 (9th Cir. 1995)(citing Ballard v. Spradley, 557 F.2d 476, 480 (5th Cir. 1977)). See also Vacarro v. Dobre, 27 F. App'x 887, 888 (9th Cir. 2001)(affirming denial of writ of habeas corpus ad testificandum based on proper application of Ballard factors.

The Court finds that, as to all four inmates, Plaintiff has not met his burden. Plaintiff declares that he has talked to two of the prospective witnesses, and they indicated a willingness to testify. That Plaintiff is unable to obtain a present willingness to testify is due to the fact that the inmates have been transferred, something Plaintiff has no control over. Plaintiff has declared that that they were in the program office when the event at issue occurred. Plaintiff has not, however, made the showing required by the trial scheduling order. Plaintiff may not simply declare that the inmates were in the program office. As noted, Plaintiff was directed to support his motion with declarations showing that each witness has actual knowledge of relevant facts.

The declaration must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or hear what occurred at the time it occurred. Plaintiff has declared that the inmates "were present in the program office on July 17, 2012, as clerks and there office [sic] sets right in front of the room where the Plaintiff and would have seen and heard everything that went on in that room." (Edwards Decl. 2:9-12.) Plaintiff may not simply declare that all four inmates were in the room. Plaintiff must proffer facts as to each inmate witness that indicates how they were in a position to see or hear what happened. For example, it is unclear where the holding cage was located relative to where each potential inmate was located. That the inmates were assigned to the program office does not establish how they were in a position to see or hear relevant evidence.

Further, Federal Rule of Evidence 403 provides that otherwise relevant testimony may be excluded on the grounds of undue delay, waste of time, or needless presentation of cumulative evidence. Courts have broad discretion "to limit the number of witnesses on a particular point to avoid cumulative evidence," Lutz v. Glendale Union High School, 403 F.3d 1061, 1071 (9th Cir. 2005), but they must not "sacrifice justice in the name of efficiency," Navellier v. Sletten, 262 F.3d 923, 941 (9th Cir. 2001). "As a general rule, evidence may not be excluded solely to avoid delay." General Signal Corp. v. MCI Telecommmuncations Corp., 66 F.3d 1500, 1509 (9th Cir. 1995). Rather, "[u]nder Rule 403, the court should consider the probative value of the proffered evidence and balance it against the harm of delay. General Signal Corp., 66 F.3d at 1509-1510.

Plaintiff's bare declaration that all four potential inmate witnesses were in the program office, with nothing more, indicates that their testimony may be cumulative. Plaintiff must proffer, by declaration of himself or the potential witnesses, facts indicating how they were in a position to see or hear what happened, and what relevant evidence that they were in a position to see or hear. Based on the record in this case, the Court simply cannot make a definitive finding that the four potential inmate witnesses were in a position to see or hear relevant evidence, how they came to be in that position, and the exact location of the potential witness relative to the location of the incident at issue. The Court will grant Plaintiff leave to file a supplemental motion that addresses the concerns noted in this order. Plaintiff is cautioned that if he does not

timely file a supplemental motion, the Court will rule on Plaintiff's request based on Plaintiff's declaration filed in this motion. Also, in the supplement Plaintiff shall note which of the witnesses have the most pertinent knowledge so that the court can assess any Rule 401, 402 and 403 concerns raised by the use of multiple witnesses, especially if two of the witnesses, who Plaintiff has not spoken with, come to court and refuse to testify.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is granted leave to file a supplemental motion for the attendance of incarcerated witnesses;
2. Plaintiff's supplemental motion is due January 25, 2016; and
3. Defendants' opposition is due February 1, 2016.

IT IS SO ORDERED.

Dated: **January 5, 2016**

UNITED STATES MAGISTRATE JUDGE