1

2

3

4

5

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN R. EDWARDS,<br><br>        Plaintiff,<br><br>    v.<br><br>A. DESFOSSES, et al.,<br><br>        Defendants. | Case No.  1:13-cv-01013-SAB-PC<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS FOR THE ATTENDANCE OF INCARCERATED WITNESSES<br><br>(ECF Nos. 47, 51, 56) |

Plaintiff Edwards is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This matter is set for trial on March 29, 2016.  Pending before the Court are Plaintiff's Motions for the Attendance of Incarcerated Witnesses filed on December 14, 2015, and January 4, 2016 (ECF Nos 47, 51.)  Defendants filed opposition to the motion. (ECF NO. 48.)    Plaintiff filed a supplemental motion on January 15, 2016 (ECF No. 56). Defendants have not filed an opposition to the supplemental motion.

**I.**

**PROCEDURAL HISTORY**

This action proceeds on the July 1, 2013, complaint against Defendants Desfosses, Saldivar and Zaccagnini for use of excessive force in violation of the Eighth Amendment, and against Defendant Verbeek for failure to decontaminate Plaintiff in violation of the Eighth Amendment.    Plaintiff alleges that on July 17, 2012, he was housed on A Yard at Pleasant Valley State Prison.  On that date, he was taken from the dayroom to the program office by

1

1    Defendant Desfosses and placed in a holding cage.  Plaintiff asked Desfosses if his handcuffs

2    could be removed in order to be decontaminated.[1]  Plaintiff's request was denied, and Desfosses

3    walked away.  Plaintiff was examined by a nurse.  After the nurse left, Defendant Saldivar told

4    Plaintiff to turn around and face the back of the cage.  Plaintiff complied, "believing he was

5    about to be handcuff free" so he could be decontaminated.  Plaintiff alleges that Saldivar kicked

6    him in the back, knocking him to the back of the cage.  Saldivar punched Plaintiff in the back of

7    the head, "causing the Plaintiff face to be slammed to the back of the cage."  Saldivar, at the

8    direction of Zaccagnini, kicked Plaintiff in the testicles.  Zaccagnini then kicked Plaintiff in the

9    testicles three times.

10        Saldivar, along with an unnamed officer, grabbed Plaintiff's feet and dragged him out of

11   the cage, "causing the Plaintiff to rake his face against the cage landing down to the floor."  As

12   Plaintiff tried to sit up, Desfosses kicked Plaintiff above his left eye, then kicked Plaintiff in the

13   buttocks.  Plaintiff again tried to stand up and Saldivar "stomped the Plaintiff's right thigh to

14   prevent him from getting up."  The unnamed officer lifted Plaintiff off the floor.  The unnamed

15   officer "then along with Desfosses slammed Plaintiff into a grey rack used to store cleaning

16   supplies."

17        Plaintiff sought the attendance of four inmate witnesses, two that will testify voluntarily

18   and two that Plaintiff indicates may refuse to testify voluntarily.  In the November 12, 2015, trial

19   scheduling order (ECF No. 45), the Court provided the requirements for the attendance of

20   incarcerated witnesses who will testify voluntarily and incarcerated witnesses who refuse to

21   testify voluntarily.   Regarding Plaintiff's motion for the attendance of inmate witnesses who are

22   willing to testify, Plaintiff was directed to support his motion with declarations showing that

23   each witness is willing to testify and that each witness has actual knowledge of relevant facts.

24   Plaintiff was advised that the motion could be supported either by the declaration of Plaintiff or

25   of the inmate witness.   The declaration must establish that the prospective witness was an

26   eyewitness or an ear-witness to the relevant facts.  The declaration must be specific about the

27

28   ---
     [1] Plaintiff does not allege when he was pepper sprayed, or the circumstances surrounding his being pepper sprayed.

2

1   incident, when and where it occurred, who was present, and how the prospective witness

2   happened to be in a position to see or to hear what occurred at the time it occurred.

3          Plaintiff supported his motion with his own declaration.  Plaintiff declared that four

4   inmates were present in the program office on the date of the incident, July 17, 2012. (Edwards

5   Decl. 2:2-3.)  The inmates were present in the office because they were assigned to work there as

6   inmate clerks.  Plaintiff declared that, because of their presence in the office, they were able to

7   observe the event at issue.  Plaintiff declared that as to inmate Holden and inmate Hunter, he was

8   able to speak to them and they indicated a willingness to testify.

9          Defendants opposed the motion as to inmates Holden and Hunter on the ground that

10  Plaintiff had not shown a present willingness to testify.  Defendants noted that Plaintiff's last

11  contact with inmates Holden and Hunter was three years ago.  Because Plaintiff had not shown a

12  present willingness to testify, they should not be allowed to testify.   Defendants also argued that

13  Plaintiff has not complied with the requirement that his declaration identify "how the prospective

14  witness happened to be in the position to see or hear what occurred at the time it occurred."

15  (ECF No. 45 at 6:20-22.)

16          Defendants indicated that California's online Inmate Locator shows that inmate Holden

17  is housed at California Institute for Men in Chino, Inmate Hunter is housed at the Sierra

18  Conservation Center in Jamestown, inmate Gomez is housed at California State Prison Centinela

19  and inmate Barnes is housed at California State Prison Lancaster.  Defendants argued that the

20  uncertainty of whether these individuals would be willing or able to provide relevant testimony,

21  the inconvenience and expense of transporting four inmate witnesses, and the security risks

22  associated with their safekeeping, outweighed any potential benefit of the witness' testimony.

23  See Wiggins v. Alameda County, 717 F.2d 466, 468 at n. 1 (9th Cir. 1995)(citing Ballard v.

24  Spradley, 557 F.2d 476, 480 (5th Cir. 1977)).  See also Vacarro v. Dobre, 27 F. App'x 887, 888

25  (9th Cir. 2001)(affirming denial of writ of habeas corpus ad testificandum based on proper

26  application of Ballard factors.

27          In an order entered on January 5, 2016, the Court found that, as to all four inmates,

28  Plaintiff had not met his burden.  Plaintiff declared that he had talked to two of the prospective

3

1  witnesses, and they indicated a willingness to testify.  That Plaintiff was unable to obtain a

2  present willingness to testify was due to the fact that the inmates had been transferred, something

3  Plaintiff had no control over.  Plaintiff declared that that they were in the program office when

4  the event at issue occurred.  Plaintiff had not, however, made the showing required by the trial

5  scheduling order.  Plaintiff was advised that he may not simply declare that the inmates were in

6  the program office.  Plaintiff was directed to support his motion with declarations showing that

7  each witness had actual knowledge of relevant facts.  The declaration must be specific about the

8  incident, when and where it occurred, who was present, and how the prospective witness

9  happened to be in a position to see or hear what occurred at the time it occurred.  Plaintiff had

10 declared that the inmates "were present in the program office on July 17, 2012, as clerks and

11 there office [sic] sets right in front of the room where the Plaintiff and would have seen and

12 heard everything that went on in that room."  (Edwards Decl. 2:9-12.)  The Court noted that

13 Plaintiff may not simply declare that all four inmates were in the room.  Plaintiff must proffer

14 facts as to each inmate witness that indicates how they were in a position to see or hear what

15 happened.  For example, it is unclear where the holding cage was located relative to where each

16 potential inmate was located.  That the inmates were assigned to the program office did not

17 establish how they were in a position to see or hear relevant evidence.

18        Further, Federal Rule of Evidence 403 provides that otherwise relevant testimony may be

19 excluded on the grounds of undue delay, waste of time, or needless presentation of cumulative

20 evidence.  Courts have broad discretion "to limit the number of witnesses on a particular point to

21 avoid cumulative evidence," Lutz v. Glendale Union High School, 403 F.3d 1061, 1071 (9th Cir.

22 2005), but they must not "sacrifice justice in the name of efficiency," Navellier v. Sletten, 262

23 F.3d 923, 941 (9th Cir. 2001).  "As a general rule, evidence may not be excluded solely to avoid

24 delay."  General Signal Corp. v. MCI Telecommmuncations Corp., 66 F.3d 1500, 1509 (9th Cir.

25 1995).  Rather, "[u]nder Rule 403, the court should consider the probative value of the proffered

26 evidence and balance it against the harm of delay.  General Signal Corp., 66 F.3d at 1509-1510.

27        Plaintiff's bare declaration that all four potential inmate witnesses were in the program

28 office, with nothing more, indicated that their testimony may be cumulative.  Plaintiff was

4

1   specifically directed that he must proffer, by declaration of himself or the potential witnesses,

2   facts indicating how they were in a position to see or hear what happened, and what relevant

3   evidence that they were in a position to see or hear.   The Court therefore  granted Plaintiff leave

4   to file a supplemental motion that addresses the concerns noted in this order.  Plaintiff timely

5   filed his motion on January 15, 2016. (ECF No. 56.)  Defendants have not opposed the motion.

6   **II.**

7   **SUPPLEMENTAL MOTION**

8       Plaintiff supports his supplemental motion with his own declaration.   Regarding the

9   potential inmate witnesses, Plaintiff declares the following:

10      The plaintiff was beaten by the defendants on A-yard at Pleasant
        Valley State Prison on July 17, 2012, and was denied
11      decontamination.

12      The plaintiff first saw the Inmate Witnesses Holden, Hunter,
        Gomez, and Barnes, when he was coming from making a video
13      interview about the excessive force and sais 'What's up Man."

14      The plaintiff said what's up to the Witnesses Holden, Hunter,
        Gomez, and Barnes, and the just shook their heads from side to
15      side.

16      The plaintiff was placed back in the holding cage #4 by Sgt.
        Verbeek, Inmate Witness Hunter walked in the hallway towards
17      the cage and stood there while Holden started acting like he was
        cleaning up.  The plaintiff asked them both did they see what
18      happened, Holden said "hell yeah you couldn't help but hear it and
        see it," Hunter said, 'that's f***ed up what they did to you man.'
19      Plaintiff then told them that he was going to write them up and said
        will y'all tell them what y'all saw them to do me.  They both said
20      'yeah we'll do that just let us know when,' they both gave the
        Plaintiff their names and said that Gomez was standing in the
21      window also and saw what happened, and gave me his name along
        with Barnes, whom were in that office working as clerks for A-
22      yard program office and sat or stood in the window and saw what
        happened to me."

23

24  (Edwards Decl. ¶¶ 2-5.)

25      The Court finds that, as to inmates Holden and Hunter, Plaintiff has met his burden.

26  Plaintiff has come forward with a declaration indicating how they were in a position to see and

27  hear what happened, that they actually saw and heard what happened, and that they were willing

28  to testify to what they saw and heard.  Plaintiff's supplemental motion fails to proffer any further

1   information as to inmates Gomez and Barnes.  Plaintiff essentially declares that both inmates

2   Hunter and Holden said that inmates Gomez and Barnes were standing in the window and saw

3   what happened.  The Court finds this proffer to be vague.  While an inmate could testify as to

4   where another inmate was located, he cannot testify to what that inmate saw or heard.  The only

5   further information proffered is that inmates Gomez and Barnes were "standing in the window."

6   Plaintiff does not, therefore, meet his burden as to these inmate witnesses.  As noted, Defendants

7   have not opposed Plaintiff's supplemental motion for the attendance of incarcerated witnesses.

8          Accordingly, IT IS HEREBY ORDERED that Plaintiff's motions for the attendance of

9   incarcerated witnesses are GRANTED as to inmate witnesses Holden and Hunter, and DENIED

10  as to inmate witnesses Gomez and Barnes.  The Court will issue the writs for these witnesses at

11  the appropriate time.

12

13  IT IS SO ORDERED.

14  Dated:    **February 4, 2016**

                                        UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28