UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN EDWARDS,<br><br>    Plaintiff,<br><br>    v.<br><br>A. DESFOSSES, et al.,<br><br>    Defendants. | Case No.: 1:13-cv-01013-SAB (PC)<br><br>ORDER REGARDING PARTIES' MOTIONS IN LIMINE<br><br>(ECF Nos. 66, 68, 69)<br><br>OPPOSITION TO MOTION FOR RECONSIDERATION DUE<br>March 21, 2016 |

Plaintiff Steven Edwards is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding against Defendants Desfosse, Saldivar and Zaccagnini for use of excessive force in violation of the Eighth Amendment, and against Defendant Verbeek for failure to decontaminate Plaintiff in violation of the Eighth Amendment.

The matter is set for jury trial before the undersigned on March 29, 2016, at 8:30 a.m.

On February 19, 2016, Defendants filed a motion in limine. (ECF No. 66.) On February 24, 2016, Plaintiff filed two motions in limine. (ECF Nos. 68, 69.)  On March 14, 2016, Plaintiff filed an opposition to Defendants' motion in limine. (ECF No. 87.)  The opposition was received by the Court prior to the hearing and considered by the Court at the hearing.

On March 14, 2016, the Court held a telephonic motions in limine hearing, and counsel Janet

Chen appeared on behalf of Defendants and Plaintiff appeared pro se.

# I.
# LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009). A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child and Family Services, 115 F.3d 436,440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003).

# II.
# MOTIONS IN LIMINE

### A.   Plaintiff's Motions in Limine

**1.   (ECF No. 68)**

   **a.**  Plaintiff seeks to exclude the circumstances of his incarceration and "requesting relevant evidence." Defendants oppose the motion on the ground that Plaintiff's felony conviction is admissible under Federal Rule of Evidence 609. (ECF No. 68 at 1:26.)

   Federal Rule of Evidence 609(a)(1)(A) provides that evidence of a conviction for a crime punishable by imprisonment for more than one year is admissible, subject to Rule 403, in a civil case to attack a witness's character for truthfulness. Fed. R. Evid. (a)(1)(A). Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date. Fed. R. Evid. 609(b).

   **Ruling:** Plaintiff's motion is DENIED in part and GRANTED in part. If plaintiff testifies at trial, pursuant to Rule 609(a)(1)(A) of the Federal Rules of Evidence, Defendants are entitled to

1  impeach Plaintiff's witness testimony.   Absent evidence of perjury or fraud, Defendants are limited to
2  referencing only the fact that Plaintiff has suffered prior felony convictions, in general.  Defendants
3  may elicit testimony about the length of Plaintiff's incarceration to contend that Plaintiff has no
4  incentive to tell the truth.  The jury is entitled to hear such evidence to determine Plaintiff's
5  trustworthiness and veracity.  Fed. R. Evid. 403, 609(b).  This same ruling applies to all inmate
6  witnesses that Plaintiff calls at trial.

7  **b.**  Plaintiff also seeks to authenticate his video interview on July 17, 2012.  Neither party listed
8  the July 17, 2012, video interview of Plaintiff on their exhibit list, but Defendants are willing to
9  stipulate to its authenticity and use at trial.  Defendants do not oppose Plaintiff's motion in limine to
10 pre-authenticate the July 17, 2012, video interview of Plaintiff, and stipulate to the use of the video
11 interview at trial and request the Court to modify the pretrial order to reflect the inclusion of this
12 exhibit.

13 **Ruling:** The July 17, 2012, video interview shall be admitted at trial pursuant to stipulation of
14 the parties.

15 **c.**  Plaintiff seeks to include a second video interview dated August 21, 2012.  Plaintiff
16 indicates that this video interview "is being used" in another case.  Edwards v. Cabral, 1:13-cv-00345
17 EPG PC.  (ECF No. 68 at 6:1.)   Defendants argue that Plaintiff is not entitled to use discovery from
18 one case in another case, and that the video is irrelevant and contains inadmissible hearsay.  Fed. R.
19 Evid. 401, 801.   To the extent that Plaintiff seeks to offer his own out of court statements for the truth
20 of the matters asserted, those statements fall within the definition of hearsay and are therefore
21 inadmissible.  Fed. R. Evid. 801.

22 **Ruling**:  Plaintiff's motion is DENIED as to the August 21, 2012, video interview.

23 **d.**  Plaintiff seeks to exclude Defendants' medical expert from testifying at trial. (ECF No. 68
24 at 6:15.)   Defendants oppose the motion on the grounds that on December 29, 2015, Defendants
25 timely disclosed their expert and provided all necessary information in their disclosure.  (ECF No. 60
26 at 5-6.) Defendants timely supplemented their disclosure on February 29, 2016, with the name of an
27 alternate unretained medical expert,  Dr. Boparai.  (Supplemental Disclosure, Exhibit A.)  Plaintiff
28 argues that Defendants' medical expert does not have expert knowledge.  Plaintiff also argues that

1  Defendants have not shown that their expert is able to give an opinion regarding Plaintiff's medical
2  care on July 17, 2012.  Defendants correctly note that they are not required to qualify their expert
3  before trial and will lay a foundation for their expert witness during the trial.  Plaintiff's motion should
4  therefore be denied.

5        **Ruling:**  Plaintiff's motion to exclude Defendants' medical expert is DENIED.

6        **e.**  Plaintiff seeks an order compelling Defendants to produce a video recording that was taken
7  at Pleasant Valley State Prison A yard that shows the front entrance to the program office on July 17,
8  2012. (ECF No. 68 at 3:14.)   Plaintiff indicates in his motion that Defendants have told him that the
9  video recording does not exist.  (Id. at 3:17.)   Defendants oppose the motion on the ground that
10 Plaintiff did not move to compel the production of the video recording before the close of discovery,
11 which was April 10, 2015. (ECF No. 29.)  On February 26, 2016, after the filing of this motion in
12 limine, Plaintiff separately filed a motion to compel the production of the video recording.  Defendants
13 indicate they will separately oppose that motion.  Plaintiff has not made any argument or showing as
14 to why the Court should compel the production of this document after the close of discovery.  This
15 motion should therefore be denied.

16       **Ruling:**  Plaintiff's motion to produce the video recording of the front entrance to the A yard
17 program office is RESERVED, until the Court receives declarations regarding the existence of the
18 video recording.

19 **2.   (ECF No. 69)**

20       Plaintiff seeks to introduce into evidence "the pretrial statement, admission statement, and
21 interrogatories of defendants witness R. Bratton, and the interrogatories of the defendants." (ECF No.
22 69 at 1.)   Plaintiff seeks to introduce the responses to interrogatories and admissions of  R. Bratton, a
23 defendant in a different case, Edwards v. Cabral, et al., No. 1:13-cv-00345-EPG-PC.  Plaintiff also
24 seeks to introduce the interrogatories of all four Defendants in this case.

25       Regarding the introduction of discovery in this case, Defendants note that Plaintiff did not
26 identify which specific interrogatory responses he intends to admit in limine and that Plaintiff
27 propounded twenty interrogatories on each Defendant.  Plaintiff did not specify the method by which
28 he seeks to introduce the interrogatories – whether by reading portions of  the responses into evidence

4

1  or admitting a physical copy of the discovery responses into evidence at trial.  Defendants note that all
2  of the Defendants will be present at trial, at which time Plaintiff will have an opportunity to examine
3  them.  Federal Rule of Evidence 403 provides for the exclusion of otherwise relevant evidence if it
4  would confuse the jury, waste time, and present needlessly cumulative evidence.  Because Plaintiff
5  will have the opportunity to examine the Defendants at trial, Defendants argue that his request to
6  introduce all of the interrogatory responses for all of the Defendants should be denied.

7  The amended pretrial order directed the parties to file and serve a list of all responses to
8  discovery requests intended to be used at trial no later than March 8, 2016.  (ECF No. 67 at 21:18.)
9  Plaintiff did not file such a list.  In his motion in limine, Plaintiff indicates that he would have added
10 the interrogatories to his exhibit list in his pretrial statement, "but he had gotten all of his legal mail
11 mixed up during a move from one prison to another (4) four months ago and has now had the
12 opportunity to go through everything and find them, and now asks the court to enter them into
13 evidence." (ECF No. 69 at 2:22-25.)   Plaintiff has not previously sought extensions of time to comply
14 with the requirement to file and serve a list of all responses to discovery requests intended to be used
15 at trial.

16 **Ruling:** Plaintiff's motion to introduce into evidence interrogatory responses by non-party  R.
17 Bratton and the interrogatory responses by all of the Defendants is GRANTED subject to a proper
18 evidentiary foundations.  Plaintiff is advised that any party proffering an exhibit at trial must lay a
19 proper evidentiary foundation for each exhibit's admissibility at trial.  The proper evidentiary
20 foundation must be laid before its admissibility and consideration by the jury.  If a proper evidentiary
21 foundation is not made, then the exhibit will not be admissible in evidence.

22 **B.** **Defendants' Motion in Limine (ECF No. 66.)**

23 **1.** Defendants move to preclude Plaintiff from introducing any opinion evidence regarding
24 medical opinions or inferences as to the nature and extent of his alleged injuries.  Plaintiff has not
25 opposed the motion.

26 "If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one
27 that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the
28 witness's testimony or determining a fact in issue; and (c) not based on scientific, technical, or other

5

specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.  As a non-expert witness, Plaintiff may testify as to what he saw or felt relating to his medical needs or condition, but may not testify as to any medical matter which requires scientific, technical or other specialized knowledge.  Plaintiff also may not testify regarding his medical records.

**Ruling:**  Defendants' motion in limine is GRANTED.   Plaintiff may testify as to what he experienced as a result of the July 17, 2012, incident; however, Plaintiff may not testify regarding a diagnosis, opinions, inferences or causation, and may not offer any opinions or inferences from any medical records.

**2.**  Defendants seek to exclude evidence that they are or were involved in other lawsuits or incidents alleging deliberate indifference or excessive force.  Plaintiff has not opposed the motion.  In general, evidence of prior bad acts is inadmissible to establish a defendant's propensity to commit the wrongful act in question under Federal Rule of Evidence 404.  See United States v. Mendoza-Prado, 314 F.3d 1099, 1103 (9th Cir. 2002).

**Ruling:**  Defendants' motion is GRANTED.  Pursuant to Rule 404(a) of the Federal Rules of Evidence, Plaintiff is not allowed to introduce evidence as to prior incidents involving any of the Defendants, as such evidence constitutes improper character evidence and it not relevant to this action.

**3.**  Defendants seek to exclude evidence of offers to compromise and conduct or statements made during settlement negotiations.  Plaintiff has not opposed the motion.  Pursuant to Federal Rule of Evidence 408, evidence of settlement discussions is generally not admissible.  Further, defense counsel was not a percipient witness to the July 17, 2012, incident, and is excluded as a witness in this case.

**Ruling:**  Defendants' motion is GRANTED.   Any evidence of offers of compromise of statements made during settlement negotiations is excluded.

**4.**  Defendants seek to exclude evidence that the state may pay the judgment or reimburse a Defendant in the event a judgment is rendered against him.  Plaintiff has not opposed the motion.  The issue of who would pay damages in the event Plaintiff were to prevail in this action is not relevant to Plaintiff's claim that Defendants subjected him to excessive force and failed to decontaminate him.  Evidence of the source of payment is inadmissible during the liability and compensatory damages

phase of trial.  Engman v. City of Ontario, 5:10-cv-00284 CAS (PLAx), 2011 WL 2463178, *10 (C.D. Cal. June 20, 2011).  If Defendants were to be liable, then the evidence could be relevant to rebut any claim that the defendant lacks financial resources to pay an award of punitive damages.  Id.

**Ruling:**  Defendants' motion to exclude evidence that the state may pay the judgment or reimburse a Defendant in the event a judgment is rendered against them is GRANTED.

## III.

## THIRD PARTY MOTION FOR RECONSIDERATION

On March 10, 2016, third party inmate witness Michael Hunter, by counsel, filed a motion to reconsider the Court's earlier ruling that granted Plaintiff's request for the attendance of inmate witness Michael Hunter.  (ECF No. 84.)  At the March 14, 2016, hearing, Plaintiff opposed the motion.  Plaintiff shall file written opposition to the motion no later than March 21, 2016.

IT IS SO ORDERED.

Dated:   **March 15, 2016**

UNITED STATES MAGISTRATE JUDGE