# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN R. EDWARDS,<br><br>    Plaintiff,<br><br>    v.<br><br>A. DESFOSSES, et al.,<br><br>    Defendants. | Case No. 1:13-cv-01013-SAB-PC<br><br>ORDER DENYING MOTION TO QUASH<br><br>(ECF NO. 84) |

Plaintiff Steven R. Edwards is a state prisoner appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is a motion for reconsideration of the February 5, 2016, order granting in part Plaintiff's motion for the attendance of incarcerated witness Michal Hunter and to quash the transportation writ. The motion was filed by counsel for inmate Hunter.

## I.

## PROCEDURAL HISTORY

This action proceeds on the original complaint against Defendants on Plaintiff's Eighth Amendment claims of excessive force and failure to decontaminate. This action is set for jury trial on September 29, 2016. On February 5, 2016, the Court granted in part Plaintiff's motion for the attendance of incarcerated witnesses, which included inmate Hunter. (ECF No. 62.) On March 10, 2016, counsel for inmate Hunter filed the motion for reconsideration. (ECF No. 84.) On March 14, 2016, a hearing was conducted on the parties' motions in limine. At the hearing,

1 the Court queried Plaintiff regarding the motion. Plaintiff indicated his intent to call inmate 2 Hunter as a witness, despite inmate Hunter's declaration that he was not a percipient witness. 3 Plaintiff and defense counsel agreed that inmate Hunter could testify via videoconference; and 4 the parties were to coordinate with the institution at which inmate Hunter was housed to 5 determine if a video conference was possible to obtain inmate Hunter's testimony at trial. 6 Plaintiff was directed to file opposition to the motion for reconsideration by March 21, 2016.

7 Inmate Hunter is housed at Sierra Conservation Center (SCC). So after the hearing, at 8 3:22 p.m., Defendants' counsel sent Michael Steel, Litigation Coordinator at SCC, an email 9 requesting that he contact Courtroom Deputy Mamie Hernandez regarding videoconferencing 10 capability between SCC and the Court. To assist the technology department in setting up the 11 videoconference, Ms. Hernandez, who was copied on the e-mail, then sent an email to Defense 12 Counsel at 3:28 p.m., inquiring as to the videoconferencing equipment at SCC. On Tuesday, 13 March 15, 2016, at 8:32 a.m., Mr. Steele sent Ms. Hernandez an e-mail informing her of the 14 system used at SCC. Ms. Hernandez replied at 8:32 a.m. that she would share the information 15 with the Court's Information Technology Department.

16 On March 17, 2016 at 2:40 p.m. Mr. Steele sent Ms. Hernandez an email indicating that 17 he was sick on Tuesday, March 15th, and that he was out of the office on March 16th. During 18 Mr. Steele's absence, the Court's Information Technology Department made the following 19 attempts to contact Mr. Steele:

20 Tuesday, March 15th at 4:09 p.m. – Phone call placed to Counselor Steele (209-984-5291 21 ext 5365) – unanswered. Left message detailing the nature of the call with instructions to call 22 my desk by 5 p.m. Tuesday or Wednesday.

23 Wednesday, March 16th at 2:09 p.m. – Phone call placed to Counselor Steele – 24 unanswered – no message left.

25 Wednesday, March 16th at 3:26 p.m. – Phone call placed to Counselor Steele – 26 unanswered- left message detailing the nature of the call with instructions to call my desk as 27 soon as possible.

28 Following this attempt to contact the institution, the Information Technology Department

1  informed the Court that they had been unable to connect with Counselor Steele via telephone.
2  On March 17 at 2:45 p.m., Counselor Steele returned the call to the Information Technology
3  Department.

## II.

## LEGAL STANDARD

Although inmate Hunter has filed a motion for reconsideration, the Federal Rules of Civil Procedure allow the Court to relieve a party from an order. Fed. R. Civ. P. 60(b). Inmate Hunter is not a party in this action and the filing is properly brought as a motion to quash the Order & Writ of Habeas Corpus Ad Testificandum. The Federal Rules of Civil Procedure provide that, on timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; or subjects a person to an undue burden. Fed. R. Civ. P. 45(d)(3)(A).

"[W]hether a subpoena is burdensome depends on the facts of the case." Green v. Baca, 226 F.R.D. 624, 653 (C.D. Cal. 2005) order clarified, No. CV 02-204744MMMMANX, 2005 WL 283361 (C.D. Cal. Jan. 31, 2005) (quoting Hussey v. State Farm Lloyds Ins. Co., 216 F.R.D. 591, 596 (E.D.Tex.2003)). The party moving to quash a subpoena bears the burden of demonstrating that compliance would result in an undue burden. Moon v. SCP Pool Corp., 232 F.R.D. 633, 637 (C.D. Cal. 2005). "The party issuing the subpoena must demonstrate[, in turn,] that the information sought is relevant and material to the allegations and claims at issue in the proceedings." Green, 226 F.R.D. at 653 (quoting Night Hawk Ltd. v. Briarpatch Ltd., L.P., No. 03 Civ.1382, 2003 WL 23018833, *8 (S.D.N.Y. Dec. 23, 2003)).

## III.

## ANALYSIS

Initially, the Court advises counsel for inmate Hunter that, although the Local Rules do not require noticed motions in prisoner cases, the plaintiff is still provided with a time period in which to respond to the motion. Local Rule 230(l). In this instance, the Court was able to inquire of Plaintiff whether he intended to oppose the motion during a pretrial hearing. Due to Plaintiffs indicating that he opposed the motion, the Court ordered Plaintiff to file an opposition

3

1  on shortened time, by March 21, 2016.  However, due to the fact that the trial in this matter is
2  scheduled to begin on March 29, 2016, the intricacies of the prison mail system, and that video
3  conferencing has not been able to be arranged the Court finds that the motion to quash should be
4  addressed prior to the March 21, 2016 date.  Further, since the motion is being denied, Plaintiff
5  shall not suffer any prejudice due to the order issuing prior to his opposition being received.

6  Since the writ issued, counsel for inmate Hunter has been contacting the Court for
7  assistance with this matter.  Counsel is advised that the Court may not engage in ex parte
8  communication in the cases that are before it.  Further, the Court cannot provide legal advice.
9  Questions directed to chambers regarding procedure are appropriate, but requesting direction as
10 to how to proceed in this action are not.

11 Inmate Hunter is arguing that requiring him to appear for the trial of this action would
12 constitute an undue burden.  The Court granted Plaintiff's motion for the attendance of
13 incarcerated witness Michal Hunter on the ground that his motion was supported by his own
14 declaration that inmate Hunter was in a position to see and hear what happened, that he actually
15 saw and heard what happened, and that he was willing to testify to what he saw and heard.  (ECF
16 No. 62 at 5:26-28.)  Inmate Hunter contends that he was not a percipient witness, and his transfer
17 to the Court to testify at trial would result in a loss of a prison job, and result in him being housed
18 with a different cellmate.  Inmate Hunter also declares that he is on a waiting list for treatment
19 for post-traumatic stress disorder, and if his number is called while is not at the facility, he will
20 move to the bottom of the list.  (Hunter Decl. 5:5-12.)

21 Plaintiff has complied with the Court's requirement to establish a basis on which to grant
22 his request for the attendance of inmate witness Hunter.  While the Court is sympathetic that
23 inmate Hunter may suffer loss of income and be required to have different housing as a result of
24 his transfer to Court is not sufficient to outweigh Plaintiff's ability to present witnesses at trial to
25 support his allegations in this action.

26 In a pro se prisoner civil rights case, the Ninth Circuit held that it was error for the court
27 to decline the plaintiff's request to compel the testimony of inmate witnesses who refused to
28 testify.  Barnett v. Norman, 782 F.3d 417 (9th Cir. 2015.)  In Barnett, the witness appeared for

trial and stated he had nothing further to add to the matter.  The court informed the witness that if he was unable to recall he should so state.  The witness again stated he had nothing further to add to the matter.  The inmate plaintiff complained that the inmate refused to answer questions, and the court stated it could not compel further testimony if the inmate refused to answer the plaintiff's questions.  The Ninth Circuit found that to be error.  The appellate court held that a judge cannot "allow a witness to refuse to testify because he would prefer not to answer a question.  The public's interest in full disclosure and the fair administration of justice overrides concerns that testimony might be inconvenient, burdensome, or harmful to a witness's social or economic status."  Barnett, 417 F.3d at 422, citing United States v. Calandra, 414 U.S. 338, 345 (1974). "Witnesses cannot refuse to answer questions merely because they choose not to – there is no opt-out box on a subpoena.  To hold otherwise would make 'the great power of testimonial compulsion, so necessary to the effective functioning of courts and legislatures,' a nullity."  Barnett, 417 F.3d at 423 citing United States v. Bryan, 339 U.S. 323, 331 (1950).

Plaintiff has met his burden of demonstrating that inmate Hunter is a percipient witness with relevant testimony in this matter.  Therefore, his attendance at trial shall be required.

Inmate Hunter alternately requested that he be allowed to testify by electronic means at the trial.  While the Court has attempted to obtain his attendance by video conference to avoid transportation to another facility, the parties were unable to make such arrangements in a timely manner.[1]  Since the trial is rapidly approaching and the parties have not been able to make arrangements to ensure that inmate Hunter's testimony can be obtained by video conferencing, in order to secure inmate Hunter's testimony he shall be required to personally appear for the trial of this matter.

---

[1] Requiring the witness to appear for trial is not done in order to burden or "punish" CDCR for not getting back with the Court.  This Court and other judicial officers in this district have had numerous problems with video conferencing through the CDCR system which has necessitated a "test" of the system.  In order to ensure that the witness would be available during the trial of this action, the Court had a deadline to be met as a writ had been issued and inmates are often moved weeks in advance.  In order to allow time for movement of the inmate if video conferencing was unavailable, setting and establishing a test was essential to the Court, the Court went above and beyond in its efforts to resolve the problem addressed here.  Technically, these issues should have been resolved without the Court having to get involved, except to test its equipment.

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, the motion to quash the transportation writ for Michael Hunter is HEREBY DENIED.

IT IS SO ORDERED.

Dated: __**March 18, 2016**__

UNITED STATES MAGISTRATE JUDGE